# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11-cv-141-RLV
# (5:04-cr-18-RLV-CH-1)

| | |
|---|---|
| FREDRICK LAMONT MUNGRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Motion for Summary Judgment, (Doc. No. 11). Petitioner is represented by Darren Scott Haley.

## I.  BACKGROUND

Petitioner Fredrick Lamont Mungro ("Petitioner") was charged, along with several co-defendants and co-conspirators, with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841. See (Criminal Case No. 5:04-cr-18-RLV-CH-1, Doc. No. 3: Sealed Indictment). Contemporaneous with the return of the indictment, the Government filed a notice pursuant to 21 U.S.C. § 851, noticing Petitioner's prior convictions for (1) possession with intent to sell and deliver cocaine ("the 1995 state conviction"); (2) possession of cocaine ("the 1996 state conviction"); and (3) conspiracy to possess with intent to distribute cocaine and cocaine base ("the 1998 federal conviction"). See (Id., Doc. No. 4: Notice of Intention to Seek Enhanced Penalties). This document was filed on

1

the Court's electronic filing system and available to any party in the case.

Petitioner, represented by Attorney Peter Anderson, proceeded to trial and was found guilty on the conspiracy count. (Id., Doc. No. 227: Jury Verdict). The jury additionally found that Petitioner was responsible for 50 grams or more of cocaine base. (Id.). Petitioner filed a motion for a new trial, alleging (1) violation of the Court's sequestration order; (2) a Brady violation; and (3) that one of the Government's witnesses admitted to lying under oath. (Id., Doc. No. 299: First Motion for New Trial). After a four-day evidentiary hearing, the Court entered a lengthy order denying the motion for new trial. (Id., Doc. No. 358: Order Denying Motion for New Trial). Throughout its order, the Court noted the strength of the evidence against Petitioner at trial, especially the un-impeached, un-contradicted testimony of co-conspirator Carlton Terry, phone records, and Petitioner's inability to explain his connections to Terry. See id. at 13 ("The alleged new evidence proffered by Defendant is not likely to lead to acquittal because it is outweighed by the corroborated, incriminating evidence presented at trial."); 14 ("[T]he Court does find that the new evidence of such violations would not be likely to result in an acquittal of the Defendant at a new trial."); 17 ("The balance of the evidence weighs heavily against the Defendant. The incriminating testimony of Terry, corroborated by other testimony and phone records, was strong."); 31 ("[T]he jury convicted the Defendant based upon corroborated and unexplained evidence that he was involved, albeit briefly, in drug deals with Terry."); and 36 ("The crux of the case against Defendant came by the way of testimony by Terry, cell-phone records of the Defendant, and the inability of the Defendant to explain away his connections, in violation of the terms of his supervised release, with Terry.").

Following the denial of Petitioner's motion for new trial, this Court sentenced Defendant to a term of life imprisonment. (Id., Doc. No. 369: Judgment). This mandatory sentence derived

from the amount of crack cocaine that the jury attributed to Petitioner (in excess of 50 grams) and Petitioner's three prior drug convictions. See (Id., PSR at ¶¶ 43; 45; 48; and 90). For his prior 1995 and 1996 state drug convictions, Petitioner faced a term of imprisonment of six to eight months. (Id. at ¶¶ 43; 45). At the time of sentencing (2008), these convictions qualified as "felony drug convictions" under 21 U.S.C. §§ 841(b) and 851. See United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Accordingly, this Court sentenced Petitioner to the mandatory term of life imprisonment and entered the judgment on June 10, 2008. (Id., Doc. No. 369: Judgment).

Petitioner appealed his conviction and sentence, challenging (1) the denial of his motion for new trial; (2) the admission at trial, as Rule 404(b) evidence, of bags of marijuana and a set of hand scales seized from his vehicle when he was arrested; and (3) that his conviction violated the Fifth Amendment's double jeopardy clause. See United States v. Mungro, 365 F. App'x 494, 497 (4th Cir. 2010). In an unpublished opinion, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction. Id. As to the denial of the motion for new trial, the Fourth Circuit agreed with this Court that Petitioner could not show that the newly discovered evidence would "probably result" in acquittal at a new trial because Petitioner's "prosecution was primarily predicated on the evidence of Terry and Earnest Squarles, and the corroboration of their testimony by telephone records." Id. at 502. The court made a similar observation in rejecting Petitioner's motion based on alleged Brady evidence, finding that "the prosecution's case against [Petitioner] was predicated primarily on the testimony of Terry and Squarles, as well as corroborating telephone records." Id. at 503. After affirming the denial of the motion for new trial, the Fourth Circuit also rejected Petitioner's remaining appellate claims—the admission of 404(b) evidence and an alleged violation of double jeopardy. Id. at 504-06. Petitioner petitioned

the Supreme Court for a writ of certiorari, which petition was denied on October 4, 2010. Mungro v. United States, 131 S. Ct. 210 (2010).

Petitioner filed the instant motion to vacate or set aside his conviction and sentence on October 244, 2011, and amended it on September 19, 2012. (Doc. Nos. 1; 2). In the initial motion, Petitioner alleges five grounds of ineffective assistance of counsel, four of which relate to his counsel's assistance at trial and one that relates to counsel's failure to object at sentencing to the use of Petitioner's prior convictions as enhancing felonies. (Doc. No. 1 at 10-11). In his amended claim, Petitioner seeks to vacate his sentence in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Doc. No. 2 at 2).

On September 9, 2013, the Government filed the instant, pending motion for summary judgment. (Doc. No. 11). On October 23, 2013, Petitioner filed his Response to the summary judgment motion. (Doc. No. 15).

**II.     STANDARD OF REVIEW**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

#### A. Petitioner's Claims for Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced Petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally

5

unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

    1. Counsel's Failure to Request a Severance

Petitioner first challenges counsel's failure to request that his trial be severed from that of at least one of his co-defendants, Gerard Shuford. See (Doc. No. 1 at 11-13). Petitioner contends that his attorney should have moved for a severance immediately before trial once he saw that Shuford intended to introduce exhibits at trial that exculpated Shuford but inculpated Petitioner. (Id.). Under Rule 14 of the Federal Rules of Criminal Procedure, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). The Fourth Circuit has held that "the mere presence of hostility among defendants . . . or the desire of one to exculpate himself by inculpating another [are] insufficient grounds to require separate trials." United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986); United States v. Lighty, 616 F.3d 321, 348 (4th Cir. 2010). Instead, "[t]here must be such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other, . . . or that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." Lighty, 616 F.3d at 348-49.

Petitioner has failed to demonstrate deficient performance or prejudice. First, indulging

6

the strong presumption afforded counsel's pre-trial strategy, choosing not to move for a severance was not deficient. Petitioner argues that he and Shuford had "mutually antagonistic defenses," but the introduction of several interview reports implicating Petitioner in drug trafficking, while omitting any mention of Shuford, simply does not rise to the level of mutually antagonistic defenses, as defined by the Fourth Circuit. Here, the jury at Petitioner's trial was simply not presented with the proposition that to believe the core of Petitioner's defense the jury had to disbelieve the core of Shuford's defense. Therefore, Petitioner has not shown that this Court should have or would have granted a motion for severance if trial counsel had brought one. Indeed, any motion for severance, made on the eve of trial and based merely on one defendant's complaint that the other defendant's exhibits inculpated him, would most likely have been denied.

Moreover, even if Petitioner could show that counsel's performance was deficient, which he cannot, Petitioner has failed to show that the failure of counsel to move for severance resulted in any prejudice to Petitioner under Strickland. As this Court and the Fourth Circuit have already noted, the crux of the case against Petitioner stemmed from the testimony of Terry and Squarles, which testimony was corroborated by Petitioner's own phone records. Petitioner contends in his brief in response to the summary judgment motion that Terry and Squarles both had incentives to receive lower sentences if they testified against Petitioner, but Attorney Todd aptly pointed this out on cross-examination of both of these witnesses. See (Criminal Case No. 5:04-cr-18-RLV-CH-1, Doc. No. 460 at 23-68; Doc. No. 462 at 74-93). Contrary to Petitioner's contention, the admission of the challenged exhibits had little, if anything, to do with the guilty verdict against Petitioner.

In sum, Petitioner's first ineffective assistance of counsel claim is without merit.

7

2. Counsel's Failure to Object to the Government's Alleged Failure to Serve Counsel with a Section 851 Notice

Petitioner next challenges counsel's failure to object to the Government's alleged failure to serve Petitioner's counsel with the Section 851 notice. Here, it is undisputed that on April 26, 2004, the Government filed on the Court's electronic docket its Notice of Intention to Seek Enhanced Penalties under 21 U.S.C. § 851. (Id., Doc. No. 4). Moreover, Attorney Anderson states in his affidavit that he was aware of the Section 851 notice filed with the Court. See (Doc. No. 10-1 at ¶ 7(a): Anderson Aff.). Thus, Petitioner's contention is without merit, as the filing of the Section 851 notice on this Court's electronic docket effectively constituted service on Petitioner's counsel.[1]

In sum, Petitioner's second ineffective assistance of counsel claim is without merit.

3. Petitioner's Contention that Counsel Forced Petitioner to Testify at Trial

Petitioner next contends that trial counsel somehow "forced" Petitioner to testify at trial. (Doc. No. 1 at 16). Petitioner alleges that "[Attorney] Anderson made the decision that Petitioner should testify on his own behalf, because there was no other witnesses that could tell his story." (Id. at 15). Petitioner's allegation is directly contradicted by Attorney Anderson's statement in his affidavit:

---

[1] This Court's Local Rule 5.3 provides:

> (A) Service By Electronic Means for Registered Users After Service of Process. Other than the document upon which an action is commenced, registered users may serve all papers through the Court's Electronic Case Filing ("ECF") system. Issuance of the "Notice of Electronic Filing" ("NEF"), which is automatically generated by the Court's electronic filing system, constitutes proof of service of the filed document upon all registered users unless the filing party learns that such attempted service was not successful.

> Mr. Mungro alleges that I "forced him to testify." This allegation is simply not true. While I can recall extensive conversations with Mr. Mungro surrounding the pros and cons of him taking the stand to testify (given his past drug convictions), the ultimate decision whether to testify was his, and I do not recall any hesitation by Mr. Mungro. Given the risks and importance of his testimony, I also recall working with him extensively to prepare him to testify. Based upon my recollection and my customary practice with all criminal defendants, he was well informed of his right to make this critical decision, and his decision was one that was fully informed.

(Doc. No. 10-1 at ¶ 7(b)). Furthermore, as Petitioner himself states in his motion, the trial court did clearly instruct Petitioner of his right not to testify at trial. See (Doc. No. 463 at 31-33). Thus, there is simply no merit to Petitioner's conclusory allegation that his counsel somehow "forced" Petitioner to testify at trial against his own will.

In sum, Petitioner's third ineffective assistance of counsel claim is without merit.

    4.    Counsel's Failure to Object to Officer Woodward's Testimony Concerning Cell Phone Records

Petitioner next alleges that counsel Anderson was ineffective for failing to object to Agent David Woodward's testimony concerning Petitioner's cell phone records without being qualified as an expert witness. (Doc. No. 1 at 16). Petitioner does not provide any evidence or argument that Attorney Anderson's failure to object rendered the outcome of Petitioner's trial fundamentally unfair or unreliable, as Strickland requires. As this Court and the Fourth Circuit have already noted, Petitioner's conviction stemmed primarily from the testimony of Terry and Squarles, and the corroboration of their testimony through Petitioner's cell phone records. Petitioner does not allege, and the evidence does not show, that Agent Woodward's testimony regarding those cell phone records played any significant role in the guilty verdict. Thus, even if Petitioner could show that counsel's performance was deficient, Petitioner has not made a sufficient showing of unfairness or unreliability as to show Strickland prejudice.

9

In sum, Petitioner's fourth ineffective assistance of counsel claim is without merit.

5. Counsel's Failure to Object at Sentencing to the Use of Two <u>Simmons</u>-Infirm Enhancing Convictions

Petitioner next alleges that Attorney Anderson was ineffective for failing to object at his 2008 sentencing hearing to the use of two, prior drug convictions as enhancing convictions. (Doc. No. 1 at 19). At the time of Petitioner's 2008 sentencing, the law in this Circuit clearly allowed the use of those convictions as enhancing convictions under Section 851. <u>See</u> <u>Jones</u>, 195 F.3d 205, and <u>Harp</u>, 406 F.3d 242. Thus, even if counsel had objected, the sentencing outcome would have been the same. <u>Accord</u> <u>United States v. Webb</u>, 452 F. App'x 316 (4th Cir. 2011) (unpublished). Petitioner therefore cannot show that he received ineffective assistance of counsel based on counsel's failure to object to the use of Petitioner's prior drug convictions at sentencing.

In sum, Petitioner's fifth ineffective assistance of counsel claim is without merit.

B. Petitioner's Claim that He Should be Resentenced under <u>Simmons</u> without Application of the Mandatory Life Sentence

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense." That term is defined, in section 802(44), as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In <u>Simmons</u>, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in <u>Jones</u>, 195 F.3d 205, and <u>Harp</u>, 406 F.3d 242, in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as any defendant could

receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

Here, this Court enhanced Petitioner's sentence based on his prior convictions for sale/delivery of cocaine (the 1995 conviction) and possession of cocaine (the 1996 conviction) under North Carolina General Statute § 90-95. As the PSR noted, Petitioner could not have received a sentence of more than one year in prison for either of these convictions under the North Carolina Structured Sentencing Act.[2] Therefore, although Jones and Harp were still good law at the time this Court sentenced Petitioner, Simmons has made clear that Petitioner's prior 1995 and 1996 state convictions no longer qualify as "felony drug offenses" because they were not punishable by more than one year in prison. In Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the due process clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. As the Government notes, Petitioner's otherwise applicable mandatory minimum sentence and advisory guideline range were below the mandatory term of life imprisonment. The Government states that it concedes that, because the application of that mandatory minimum deprived this Court of discretion to sentence Petitioner to anything less than life imprisonment, Petitioner's sentence was a violation of the due process clause as established in Hicks. The Government has, therefore, requested that the Court vacate

---

[2] Petitioner's 1998 federal drug conviction remains a viable, predicate conviction after Simmons.

Petitioner's mandatory life sentence and order a resentencing hearing.[3] The Court agrees with the Government that Petitioner is entitled to be resentenced without application of a mandatory life sentence.

IV.     CONCLUSION

For the reasons stated herein, the Court will grant the Government's motion for summary judgment as to Petitioner's ineffective assistance of counsel claims. The Court, however, agrees with the Government that Petitioner is entitled to Simmons relief, and the Court will order Petitioner to be resentenced without application of a mandatory life sentence. To this extent, the Government's summary judgment motion is granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion to vacate, (Doc. No. 1), and the Government's Motion for Summary Judgment, (Doc. No. 11), are both **DENIED** in part, and **GRANTED** in part. That is, the Government's summary judgment motion as to Petitioner's ineffective assistance of counsel claims is granted, but, under Simmons, Petitioner is entitled to be re-sentenced without application of a mandatory life sentence.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to

---

[3] The Government states that, to the extent Petitioner's amended motion to vacate (raising his Simmons claim) is untimely, the Government waives reliance on the statute-of-limitations defense.

satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 23, 2013

Richard L. Voorhees
United States District Judge